UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARY WILLIAMS and LESLIE RANDALL
WILLIAMS,

    Plaintiffs,

vs.     Case No. 2:09-cv-775-FtM-29DNF

AMERICA'S SERVICING COMPANY - ASC,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Request for Ruling on Pending Motion Without Response (Doc. #22) filed on July 8, 2010. Defendant requests that the Court rule on its Motion to Dismiss Plaintiffs' Complaint (Doc. #18) as plaintiffs have not responded and the time to do so has expired.

Under Middle District of Florida Local Rule 3.01(b), "[e]ach party opposing a motion or application shall file within fourteen (14) days after service of the motion or application a response that includes a memorandum of legal authority in opposition to the request, all of which the respondent shall include in a document not more than twenty (20) pages." The Court notes that plaintiffs are proceeding *pro se*, that is unrepresented by counsel, and therefore may not be aware of the need to respond.

As a result, notice and an opportunity to respond will be provided. Mitchell v. Inman, 682 F.2d 886, 887 (11th Cir. 1982)(the failure to respond should not serve as a basis for

dismissal when there is nothing to indicate that plaintiffs had notice of a Local Rule requiring response). The Court notes that defendant attached documents outside the pleadings to the Motion to Dismiss (Doc. #18). "If the parties present evidence outside of the pleadings, and the district court considers that evidence, then the motion to dismiss is converted into a motion for summary judgment. [ ] It is clearly the law in this circuit that whenever a district judge converts a 12(b)(6) motion to dismiss into one for summary judgment by considering matters outside the pleadings the judge must give all parties ten-days notice that he is so converting the motion." Lewis v. Asplundh Tree Expert Co., 305 Fed. Appx. 623 (11th Cir. 2008)(internal citations and quotations omitted). This is a bright-line rule that is strictly enforced, Jones v. Automobile Ins. Co. of Hartford, Conn., 917 F.2d 1528, 1532 (11th Cir. 1990), with one exception: If the extrinsic document is central to the plaintiff's claim and the authenticity of the document is not challenged, SFM Holdings, Ltd. v. Banc of Am. Securities, LLC, 600 F.3d 1334, 1337 (11th Cir. 2010)(citations omitted).

Accordingly, it is now

**ORDERED:**

1. Plaintiffs may file a response to the defendant's Motion to Dismiss Plaintiffs' Complaint (Doc. #18) within **FOURTEEN (14) DAYS** of this Order, along with any exhibits they wish to have the

Court consider, if matters outside the pleadings are considered. If no response is filed, the Court will proceed to rule without the benefit of a response and without further notice.

    2. The parties are hereby NOTICED that the motion to dismiss may be converted to one for summary judgment. See Fed. R. Civ. P. 12(d). Federal Rule of Civil Procedure 56(c) states as follows:

> (1) **Supporting Factual Positions**. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) **Objection That a Fact Is Not Supported by Admissible Evidence**. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) **Materials Not Cited**. The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) **Affidavits or Declarations**. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

    3. Defendant's Request for Ruling on Pending Motion Without Response (Doc. #22) is **GRANTED** to the extent that the Court will

rule on the motion in due course, with or without a response, as the docket permits.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>  9th  </u> day of July, 2010.

JOHN E. STEELE
United States District Judge

Copies:
Parties of record