```
                     UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

MARY WILLIAMS and LESLIE RANDALL
WILLIAMS,

                Plaintiffs,

vs.                                Case No.   2:09-cv-775-FtM-29DNF

AMERICA'S SERVICING COMPANY - ASC,

                Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. #29) filed on August 25, 2010. Plaintiffs filed an Objection to Motion to Dismiss and Amended Complaint (Doc. #32) on September 22, 2010. On March 7, 2011, the Court entered an Order striking the "[Second] Amended Complaint" incorporated into the Objection. (Doc. #33.) For the reasons set forth below, the Amended Complaint is dismissed with leave to amend.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002).

"To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)); see also Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). The former rule--that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)--has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274.

A complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing Fed. R. Civ. P. 8); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citations omitted). Because Plaintiffs are proceeding *pro se*, their pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

**II.**

In Count I, it appears that plaintiffs are asserting a violation of section 2605(e) of the Real Estate Settlement Procedures Act (RESPA). Plaintiffs allege that they have sent defendant a Qualified Written Request (QWR), to which defendant has failed to respond. Plaintiffs further allege that this failure has resulted in their inability to seek a loan modification or otherwise negotiate the terms of the note, because in the absence of defendant's response, they cannot identify "the owner of the mortgage note." The Court finds that these allegations fail to state a claim for violation of 12 U.S.C. § 2605(e).

RESPA imposes certain disclosure obligations on loan servicers who transfer or assume the servicing of a federally related mortgage loan. 12 U.S.C. § 2605. Among those duties is the obligation to respond to a QWR submitted by a borrower. 12 U.S.C. § 2605(e). Under RESPA, a QWR is defined as follows:

> [A] qualified written request means a written correspondence (other than notice on a payment coupon or other payment medium supplied by the servicer) that includes, or otherwise enables the servicer to identify, the name and account of the borrower, and includes a statement of the reasons that the borrower believes the account is in error, if applicable, or that provides sufficient detail to the servicer regarding information relating to the servicing of the loan sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

Upon receipt of a QWR, RESPA requires servicers of federally related mortgage loans to: "[P]rovide a written response

acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period." 12 U.S.C. § 2605(e)(1)(A). Additionally, not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any [QWR], the servicer shall:

> A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);
>
> (B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes--
>
>> (i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and
>>
>> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or
>
> (C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes--
>
>> (i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and
>>
>> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

12 U.S.C. § 2605(e)(2)(A)-(C). A violation of any of the provisions of § 2605 entitles an individual to seek:

> "any actual damages to the borrower as a result of the failure; and any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000."

§ 2605(f)(1).

Thus, to state a claim for violation of RESPA § 2605(e), plaintiffs must allege facts to support that: (1) defendant is a loan servicer, (2) plaintiffs sent defendant a valid QWR, (3) defendant failed to adequately respond within the 20/60 day statutory period, and (4) plaintiffs are entitled to actual or statutory damages. 12 U.S.C. § 2605; See Frazile v. EMC Mortg. Corp., 382 F. App'x 833, 836 (11th Cir. 2010)(holding that damages allegation is a necessary element of any claim under § 2605); see also Allen v. United Fin. Mortg. Corp., 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009)("Although [12 U.S.C. § 2605(f)(1)] does not explicitly set this out as a pleading standard, a number of courts have read the statute as requiring a showing of pecuniary damages in order to state a claim.")(citations omitted).

Here, plaintiffs simply allege that defendant failed to respond to the QWR. Plaintiffs do not allege when they sent the QWR and whether defendant failed to adequately respond within the statutory timeframe.[1] Plaintiffs have also failed to allege that

---

[1] The Court notes that defendant has attached various documents (continued...)

the QWR contained sufficient information to enable defendant to determine the "name and account of the borrower."  Finally, plaintiffs have failed to allege that they suffered any actual damages as a result of defendant's failure to respond to their QWR or that they are entitled to statutory damages as a result of defendant's "pattern or practice" of noncompliance with RESPA.

Accordingly, Count I of plaintiffs' Amended Complaint will be dismissed without prejudice and with leave to amend.  Plaintiffs may file a Second Amended Complaint, entitled "Second Amended Complaint" correcting the deficiencies noted above.

### III.

The Court has spent some time reviewing Count II and cannot decipher plaintiffs' claim. Plaintiffs' allegations are confusing. They appear to challenge the Certificate of Interested Persons submitted by defendant and allege that the "chain of title" for their mortgage has been broken, yet they do not identify a specific statute or right that has been violated. Plaintiffs vaguely allege that they are entitled to rescission because the "true lender" was never disclosed to them.  In their prayer for relief, plaintiffs

---

[1](...continued)
to its motion to dismiss to demonstrate that it did, in fact, respond to plaintiffs' QWR.  The Court declines to convert the motion to dismiss to a motion for summary judgment and will not consider these documents.

mention "TILA" which refers to the Federal Truth in Lending Act.[2] If plaintiffs wish to include a claim for violation of TILA in their Second Amended Complaint, they are permitted to do so. However, plaintiffs are reminded that they must comply with Federal Rules of Civil Procedure 8 and 10 and that the Second Amended Complaint must contain, among other things, a short and plain factual statement of their claims showing that they are entitled to relief.  In addition, more than conclusory and vague allegations are required to state a cause of action.  Plaintiffs must provide support in the statement of facts for the claimed violations.

While the Court has set forth some pleading obligations and requirements in this Opinion and Order, this Opinion and Order does not set forth all of those requirements.  Plaintiffs are encouraged to fully familiarize themselves with the federal pleading requirements.  This Opinion and Order does not limit plaintiffs' duties and obligations in filing their Second Amended Complaint.

Finally, the Court notes that plaintiffs have recently filed a Motion for Leave to File Second Amended Complaint (Doc. #34) and attached a proposed Second Amended Complaint.  The proposed Second Amended Complaint fails to correct the deficiencies noted herein

---

[2]If plaintiffs are attempting to allege that defendant, a home loan servicer, is liable under TILA for failing to disclose the owner of the obligation, they must allege that they requested this information and the servicer failed to provide such information "to the best of the servicer's knowledge" as required by 15 U.S.C. § 1641(f)(2).  Additionally, plaintiffs must allege that they suffered actual damage as a result.  15 U.S.C. § 1641.

and will be rejected.  Plaintiffs will have another opportunity to file a Second Amended Complaint as set forth below.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. #29) is **GRANTED** to the extent that the Amended Complaint (Doc. #28) is dismissed without prejudice.

2. Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. #34) is **DENIED,** as proposed.  Plaintiffs may file a Second Amended Complaint within **TWENTY-ONE (21) DAYS** of the date of this Opinion and Order correcting the deficiencies noted above.

3. The failure to file a Second Amended Complaint will result in the entry of judgment and the closure of this case without further notice.

**DONE AND ORDERED** at Fort Myers, Florida, this ⎯⎯22nd⎯⎯ day of March, 2011.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Mary Williams
Leslie Randall Williams